10-1142-cv
RSL Communications Plc v. Bildirici et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
      RICHARD C. WESLEY,
      DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

RSL COMMUNICATIONS PLC, by Michael John Andrew Jervis and Steven Anthony Pearson, as the Joint Administrators,

        <u>Plaintiff-Counter-Defendant-Appellant</u>,

        -v.-                           10-1142-cv

ITZHAK FISHER,

        <u>Defendant-Counter-Claimant-Appellee</u>,

**NESIM BILDIRICI, PAUL DOMORSKI, RONALD S. LAUDER, STEVEN SCHIFFMAN, JACOB SCHUSTER, and EUGENE SEKULOW,**

                    <u>**Defendants-Appellees**</u>.*
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**      JOHN H. BAE (Adam C. Dembrow, Kaitlin R. Walsh, Paul T. Martin, Greenberg Traurig, LLP, New York, NY, and Dan K. Webb, Robert L. Michels, Ryanne L. Easley, Winston & Strawn LLP, Chicago, IL, <u>on the brief</u>), Greenberg Traurig, LLP, New York, NY.

**FOR APPELLEES:**      JOHN S. KIERNAN (Catherine M. Amirfar, Benjamin Sirota, William C. Weeks, <u>on the brief</u>), Debevoise & Plimpton LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant RSL Communications Plc ("Plc") appeals from (1) the judgment entered on March 9, 2010 by the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>), which, <u>inter alia</u>, granted Appellees' motion for summary judgment and denied Plc's motion to supplement discovery, pursuant to its opinion dated August 10, 2009; and (2) the district court's orders dated February 23, 2009 and May 4, 2009, ruling that the "but for" and proximate causation standards were applicable, rather than the "substantial factor" standard.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1]  A grant of summary judgment is reviewed <u>de novo</u>, "resolv[ing] all ambiguities and draw[ing] all permissible

---

*  The Clerk of the Court is directed to amend the official caption to conform to the caption listed above.

2

factual inferences in favor of the party against whom summary judgment is sought." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (quoting <u>Stern v. Trustees of Columbia Univ.</u>, 131 F.3d 305, 312 (2d Cir. 1997)). The denial of a motion to supplement discovery under Fed. R. Civ. P. 56(f)[**] is reviewed for abuse of discretion. <u>See Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003).

We affirm the district court's grant of summary judgment and denial of supplementation for substantially the reasons stated in Judge Sullivan's well-reasoned and scholarly opinion. <u>See RSL Commc'ns Plc v. Bildirici</u>, 649 F. Supp. 2d 184 (S.D.N.Y. 2009).

**[2]** We review the legal standards applied by the district court <u>de novo</u>. <u>See Myers v. Hertz Corp.</u>, 624 F.3d 537, 547 (2d Cir. 2010). We affirm the district court's selection of the "but for" and proximate causation standards for substantially the reasons stated in its two orders, dated February 23, 2009 and May 4, 2009. <u>See RSL Commc'ns Plc v. Bildirici</u>, No. 04 Civ. 5217, 2009 U.S. Dist. LEXIS 37547 (S.D.N.Y. May 4, 2009); <u>RSL Commc'ns Plc v. Bildirici</u>, No. 04 Civ. 5217, 2009 U.S. Dist. LEXIS 13864, 2009 WL 454136 (S.D.N.Y. Feb. 23, 2009).

We have considered all of Plc's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**. Plc's renewed motion to certify to the New York Court of Appeals the question of New York law regarding fiduciary duties to creditors for a company operating in the "zone of insolvency" is **DENIED** as moot.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[**] Recent amendments to the Federal Rules of Civil Procedure (effective December 1, 2010) moved the relevant provision to Fed. R. Civ. P. 56(d), without substantive change.

3