■ JAN ARNETT, Appellant, v CHARLES MORGAN SECURITIES INC. et al., Respondents. [22 NYS3d 837]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered September 10, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the claim for breach of fiduciary duty, unanimously affirmed, without costs.

Plaintiff asserts that defendants, as controlling shareholders of nonparty the Enlightened Gourmet, Inc. (EGI), breached fiduciary duties owed to plaintiff, a minority shareholder and creditor of EGI. We affirm the dismissal of the claim, as plaintiff failed to show that defendants owed him a fiduciary duty. Plaintiff does not dispute defendants' contention that Nevada, where EGI was incorporated, does not recognize a fiduciary duty owed to a corporation's creditors by majority or controlling shareholders. To the extent he relies on *RSL Communications PLC v Bildirici* (649 F Supp 2d 184 [SD NY 2009], *affd* 412 Fed Appx 337 [2d Cir 2011], *cert denied* 565 US —, 132 S Ct 97 [2011]) in support of his argument that defendants

owe him a fiduciary duty under New York law, *RSL* and the cases cited therein state only that "officers and directors" of insolvent corporations owe creditors a fiduciary duty (649 F Supp 2d at 202 [internal quotation marks omitted]), and plaintiff has not alleged facts showing that defendants were officers or directors of EGI. Further, his allegations that defendants controlled EGI are conclusory.

We decline to grant plaintiff leave to amend to assert a claim for fraud. Plaintiff never requested that relief before the motion court and, in any event, he fails to state a claim for fraud (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

We have considered and rejected plaintiff's remaining arguments. Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ. 