■ RICHARD P. KUSHNER et al., Appellants, et al., Plaintiffs, v GARY HERMAN et al., Defendants, IRA D. ORSHAN et al., Respondents, and BEIGEL SCHY LASKY RIFKIND GOLDBERG FERTIK & GELBER, Appellant. [628 NYS2d 123] —In an action to recover damages for breach of a fiduciary duty, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 28, 1994, as granted the branch of the cross-motion of the defendants Ira D. Orshan, Joel Katz, Jerome Rubin, and Arrandale Management Corp. which was to disqualify the law firm of Beigel & Sandler, presently known as Beigel Schy Lasky Rifkind Goldberg Fertik & Gelber, from serving as the plaintiffs' counsel.

Ordered, that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the cross-motion which was to disqualify the law firm is denied.

The respondents seek to disqualify the law firm of Beigel & Sandler, presently known as Beigel Schy Lasky Rifkind Goldberg Fertik & Gelber (hereinafter the law firm), from serving as the plaintiffs' counsel on the ground that it also represents the respondents Ira Orshan and Joel Katz on unrelated matters. However, the respondents' allegations are insufficient to establish that an attorney-client relationship exists between Orshan and Katz and the law firm. Although the law firm has represented some limited partnerships in which Orshan and Katz are limited partners, this fact does not render Orshan and Katz clients of the law firm unless the law firm assumed an affirmative duty to represent them *(see, Quintel Corp. v Citibank,* 589 F Supp 1235, 1241-1242). The record is devoid of any evidence that the law firm affirmatively assumed the duty of representing either Orshan or Katz.

The respondents contend that the law firm represents a limited partnership of which a general partner is a corporation. Orshan and Katz are officers of that corporation. How-

ever, even if the law firm represented the corporation in question, it would not thereby represent the corporation's individual officers and directors (see, Stratton Group v Sprayregen, 466 F Supp 1180, 1184, n 3).

Since the respondents failed to establish the existence of an attorney-client relationship between the respondents Orshan and Katz and the law firm of Beigel & Sandler, the Supreme Court erred by disqualifying the law firm to serve as counsel for the plaintiffs. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.