GAD DEMRY, Respondent, v SUSAN WIND, Appellant, et al., Defendants. [920 NYS2d 318]—

In June and July 2006, plaintiff Gad Demry and defendant Marc Mishaan entered into two transactions whereby Demry

agreed to invest in purported bridge mortgage loans with high rates of return. Pursuant to Mishaan's instructions, Demry wired money into the personal bank account of defendant Susan Wind, with whom Mishaan had a "social relationship." Mishaan told Demry that he and Wind had a "working relationship," and that the funds would be invested through the account. In August 2006, Demry requested the return of his money because of financial difficulties. As of August 2007, Demry still had not received $155,500 of the $275,000 that he deposited into the account.

A conversion occurs when one "intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). Wind's bank records showing disbursement of substantial amounts of money to third parties immediately after receipt of Demry's wires, and withdrawal of substantial amounts of cash, raise triable issues of fact as to whether she intentionally exercised dominion over and interfered with Demry's right to his monies. Although she claims in her affidavits that she thought the monies were Mishaan's personal income and had removed the funds from her account upon discovering that they belonged to Demry, the bank records do not reflect any transaction suggesting such removal of funds.

To sustain a claim for fraud, a plaintiff must allege "material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Demry's fraud claim is predicated on Wind's misrepresentation that Mishaan was in Baltimore visiting his sick father, and her delivery of letters, purportedly on Mishaan's behalf, when Mishaan was in fact incarcerated in upstate New York for fraud not related to this case. Contrary to Wind's contentions that these occurrences do not suggest anything untoward, and that she was merely acting as a messenger for Mishaan in delivering the letters, which she claims were dictated by Mishaan over the phone from prison, the evidence raises triable issues of fact as to whether she drafted the letters herself, and the extent of her knowledge of, and participation in, the fraud.

The court properly granted Demry's cross motion for leave to amend the complaint to add a cause of action for aiding and abetting fraud against Wind. The facts noted above demonstrate a meritorious cause of action (*see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d

472, 476 [2009], *lv denied* 13 NY3d 709 [2009]), and Wind does not allege that any prejudice or surprise would result from the amendment (*see* CPLR 3025 [b]; *Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166 [1989]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.