Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                    **Chief Judge**,
        ROSEMARY S. POOLER,
        SUSAN L. CARNEY,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

LANDESBANK BADEN-WURTTEMBERG,

        *Plaintiff-Appellant*,

        -v.-                                        11-4443

GOLDMAN, SACHS & CO., TCW ASSET
MANAGEMENT COMPANY,

        *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                    Arthur R. Miller, <u>Of Counsel</u>
(William H. Narwold, Motley Rice LLC, Hartford, CT; Vincent I. Parrett, William S. Norton, John Brandon Walker, Motley Rice LLC, Mount Pleasant, SC, <u>on the brief</u>)
New York, NY


**FOR APPELLEE GOLDMAN, SACHS & CO.:**                    Theodore Edelman (Richard H. Klapper, William B. Monahan, Christopher J. Dunne, W. Rudolph Kleysteuber, Jacob E. Cohen, <u>on the brief</u>)
Sullivan & Cromwell LLP
New York, NY


**FOR APPELLEE TCW ASSET MANAGEMENT COMPANY:**                    Mark A. Kirsch (Christopher M. Joralemon, <u>on the brief</u>)
Gibson, Dunn & Crutcher LLP
New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Landesbank Baden-Wurttemberg ("Landesbank") appeals from the dismissal of its common law claims for fraud, negligent misrepresentation, and unjust enrichment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>Harris v. Mills</u>, 572 F.3d 66, 71 (2d Cir. 2009). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice."  Id. at 72 (internal quotation marks and brackets omitted).  "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face."  ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009) (internal quotation marks omitted).

**[1]** Landesbank asserts claims for common law fraud against the defendants, Goldman, Sachs & Co. ("Goldman") and TCW Asset Management Company ("TCW"), in connection with the marketing and sale to a subsidiary of Landesbank of notes in a collateralized debt obligation known as Davis Square Funding VI ("Davis Square").[1]

Under New York law, "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages."  Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559 (2009).  A claim for common law fraud is subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b), "which requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted).

"[W]e have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent."  O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991) (internal quotation marks omitted).  A strong inference of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  Lerner v. Fleet Bank, N.A., 459 F.3d 273,

---

[1] For simplicity, both Landesbank and its subsidiary are referred to herein as Landesbank.

3

290-91 (2d Cir. 2006) (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

The complaint in this case does not ascribe to Goldman or TCW any particular motive for committing fraud beyond a general profit motive common to all corporations, which does not suffice. See Novak v. Kasaks, 216 F.3d 300, 307 (2d Cir. 2000). Landesbank argues that a strong inference of fraudulent intent arises because the defendants "knew facts or had access to information suggesting that their public statements were not accurate." ECA, 553 F.3d at 199 (internal quotation marks omitted). The complaint alleges that Goldman had access to confidential due diligence reports which showed that the quality of the mortgages underlying the collateral for the Davis Square notes did not justify the notes' triple-A ratings. However, an allegation that defendants had access to information that was inconsistent with their alleged misstatements "must specifically identify the reports or statements containing this information." Novak, 216 F.3d at 309; see also San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 812-13 (2d Cir. 1996). The only due diligence report specifically identified in the complaint is dated from 2007, after the issuance of the Davis Square notes, and the due diligence conveyed in that report therefore does not bear on the defendants' knowledge at the time of issuance. The generalized references in the complaint to other due diligence reports commissioned by Goldman are insufficient to sustain Landesbank's pleading burden as to intent.

**[2]** Landesbank argues that the complaint sufficiently states a claim for negligent misrepresentation under New York law. "[T]he elements of negligent misrepresentation are: (1) carelessness in imparting words; (2) upon which others were expected to rely; (3) and upon which they did act or failed to act; (4) to their damage. Most relevant, the action requires that (5) the declarant must express the words directly, with knowledge or notice that they will be acted upon, to one to whom the declarant is bound by some relation or duty of care." Dall. Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 788 (2d Cir. 2003) (citation omitted). "[T]he law of negligent misrepresentation requires a closer degree of trust between the parties than that of the

4

ordinary buyer and seller in order to find reliance on such statements justified." Id. In determining whether a complaint adequately pleads justifiable reliance, we "consider whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." Kimmell v. Schaefer, 89 N.Y.2d 257, 264 (1996). "[A] sparsely pled special relationship of trust or confidence is not fatal to a claim for negligent misrepresentation where the complaint emphatically alleges the other two factors enunciated in *Kimmell*." Eternity Global Master Fund, 375 F.3d at 188 (internal quotation marks omitted).

The Offering Circular by which the Davis Square notes were marketed disclaimed both the existence of a special relationship of trust or confidence between the defendants and Landesbank and any particular expertise on the part of the defendants with respect to the credit quality of the Davis Square notes. It cautioned investors to consider and assess for themselves the likely level of defaults on the underlying collateral, and disclaimed a fiduciary or advisory role. The Offering Circular also required Landesbank to represent that it was a "sophisticated investor" and had sufficient access to financial and other information to make an informed investment decision, including an opportunity to ask questions and request additional information concerning Davis Square. The relationship between Landesbank and the defendants was that of buyer and seller in a standard arm's length transaction; and by its own representations Landesbank possessed sufficient expertise to evaluate the risks of its investment. The complaint therefore fails to plead justifiable reliance. See Dall. Aerospace, 352 F.3d at 789 ("[Plaintiff] cannot claim it relied on [defendant's] special expertise because it is clear that [plaintiff] itself had the relevant expertise at issue.").

Landesbank argues that its representations affirming its status as a "sophisticated investor" with means to make an informed investment decision do not "undermine [its] allegation of reasonable reliance," because "the allegedly

5

misrepresented facts [were] peculiarly within [defendants'] knowledge." Warner Theatre Assocs. Ltd. P'ship v. Metro. Life Ins. Co., 149 F.3d 134, 136 (2d Cir. 1998). However, as previously discussed, Landesbank's complaint fails to allege facts plausibly establishing existence of such knowledge. This argument is therefore meritless.

**[3]** Landesbank also seeks to recover under a theory of unjust enrichment. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that equity and good conscience require restitution." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation marks omitted). Landesbank has failed to state a claim for either fraud or negligent misrepresentation, and has not otherwise shown that it is entitled to restitution as a matter of equity.

We have considered Landesbank's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK