Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 5, 2011, dismissing the complaint as against defendants Swiss Re Financial Products Corporation and Bank of New York Mellon Corporation, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 17, 2011, which granted said *557 defendants’ motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs’ breach of contract and breach of the covenant of good faith and fair dealing claims were correctly dismissed since plaintiffs failed to show that they were third-party beneficiaries of any of the agreements relating to the credit default swaps (CDS) or credit default obligations (see Edge Mgt. Consulting, Inc. v Blank, 25 AD3d 364, 368 [2006], lv dismissed 7 NY3d 864 [2006]). As an initial matter, the “for the benefit of’ language in the agreements at issue refers solely to the issuer’s assignment of its rights in the CDS to defendant Bank of New York Mellon Corporation (BNY), as indenture trustee, and defendant Swiss Re Financial Products Corporation’s confirmation that it agreed with the assignment. Thus, the only thing that was done “for the benefit” of plaintiffs, directly or indirectly, was the issuer’s assignment of its rights in the CDS to BNY. More substantively, any benefit conferred on plaintiffs under the agreements is merely incidental. The agreements in which plaintiffs are mentioned state that the assignment is for the express benefit of the signatories.
We reject plaintiffs’ attempt to impose fiduciary obligations upon BNY, an indenture trustee with ministerial duties (see Racepoint Partners, LLC v JPMorgan Chase Bank, N.A., 14 NY3d 419, 425 [2010]). BNY owed plaintiffs no fiduciary duty until certain of the reference obligations in the reference pool that comprised the CDS failed in 2010—long after BNY took the actions that form the basis of the complaint.
Plaintiffs’ fraud claims were correctly dismissed because plaintiffs could not prove reasonable reliance on the broker quotes issued by Swiss Re (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Not only did the broker quotes contain express disclaimers as to the amounts therein, but, in addition, plaintiffs had the ability to gauge for themselves the changing value of the notes, via the use of readily available financial services such as Bloomberg (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]). Nor does the record support the inference either that the broker quotes were false when sent or that they were sent with the intent that plaintiffs would rely on them for any purpose, let alone for assessing the value (to plaintiffs) of the notes at issue.
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Román, JJ.