Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 10, 2012, which, insofar as appealed from, granted defendant’s motion to dismiss the fifth cause of action for fraud, fraudulent misrepresentation and deceit pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.
Plaintiff, suing, individually and derivatively on behalf of Dispatch Transportation Corp. (DTC), alleges that defendant, through one of its employees, aided his former business partner and 50% shareholder of DTC, Jud Gittelman, in changing the number of required signatories on the signature cards so as to enable Gittelman to embezzle funds from DTC’s bank accounts by issuing checks to himself. Plaintiff further alleges that it was his understanding that his signature and Gittelman’s signature were required in order to issue checks from the accounts.
Plaintiff failed to properly plead a cause of action for fraud by failing to allege any misrepresentation or material omission of fact made by defendant or its employee (see Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 607 [1st Dept 2010]). In any event, neither misrepresentation or justifiable reliance can be shown since Moffatt’s admission that he signed the signature cards negates his contention that the signatures are not genuine and that he was not aware of the execution of the signature *432 cards. In addition, neither the allegations in the complaint nor the surrounding circumstances give rise to a reasonable inference that defendant’s employee possessed fraudulent intent in executing the new signature cards (see e.g. Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Concur— Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.