14-1658-cv
IKB Int'l S.A. in Liquidation et al. v. Bank of America Corp. et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November,  two thousand fourteen.

Present:        ROSEMARY S. POOLER,
                BARRINGTON D. PARKER,
                RICHARD C. WESLEY,
                            *Circuit Judges*.

_____

IKB INTERNATIONAL S.A. IN LIQUIDATION,
IKB DEUTSCHE INDUSTRIEBANK AG,

                    *Plaintiffs-Appellants,*


                v.                                              14-1658-cv

BANK OF AMERICA CORPORATION, BANK OF AMERICA N.A.,
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED
f/k/a BANC OF AMERICA SECURITIES LLC, MERRILL LYNCH &
CO, INC, MERRILL LYNCH MORTGAGE INVESTORS, INC.,
MERRILL LYNCH MORTGAGE CAPITAL, INC., ASSET BACKED
FUNDING CORPORATION,

                    *Defendants-Appellees*.[1]

_____

Appearing for Appellants:     Mark S. Arisohn (Joel H. Bernstein, Barry M. Okun, *on the brief*)
                              Labaton Sucharow LLP, New York, NY.

---

[1] The Clerk of the Court is directed to amend the case caption as above.

Appearing for Appellees:     Roger A. Cooper (Shiwon Choe, Shira A. Kaufman, *on the brief*)
                             Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants IKB International S.A. in Liquidation and IKB Deutsche Industriebank AG (collectively, "IKB") appeal from the March 31, 2014 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting defendants-appellees' motion to dismiss. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72 (internal quotation marks and brackets omitted). "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009) (internal quotation marks omitted).

IKB primarily asserts claims of common law fraud, involving allegedly fraudulent statements in the offering documents associated with residential mortgage-backed securities. Under New York law,[2] "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). A claim for common law fraud is subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b), "which requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted).

"[W]e have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent." *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (internal quotation marks omitted). A strong inference of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290–91 (2d Cir. 2006) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.

---

[2] The district court applied New York law and the parties do not contest its application on appeal.

2

1994)).

The Court first addresses IKB's fraud claims relating to alleged misrepresentations regarding (1) the non-defendant originators' failure to adhere to their underwriting guidelines, (2) LTV and CLTV ratios, and (3) owner occupancy rates. In attempting to show a strong inference of fraudulent intent with respect to these issues, IKB argues that defendants "knew facts or had access to information suggesting that their public statements were not accurate." *ECA*, 553 F.3d at 199 (internal quotation marks omitted).

IKB's argument for scienter primarily rests on alleged reports prepared by defendants' third-party due diligence provider, Clayton, which allegedly placed defendants on notice of misrepresentations in the relevant offering documents. An allegation that defendants had access to information inconsistent with their alleged misstatements "must specifically identify the reports or statements containing this information." *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). Here, IKB's complaint does not specifically identify the contemporaneous Clayton reports containing inconsistent information. Rather, the only third-party due diligence report specifically identified in the complaint was published by Clayton in 2007, well after the issuance of the securities at issue. To be sure, IKB's complaint refers generally to other Clayton reports provided "prior to and during the preparation of the Offering Documents," App'x at 49 ¶ 100, but it never further identifies these reports or their contents.

In their briefing on appeal, IKB argues, apparently for the first time, that the 2007 report represents a retrospective summary of information previously provided by Clayton to the defendants on a "securitization by securitization" basis. But this allegation appears nowhere in IKB's complaint, which provides only vague references to other, earlier reports. *See Kleinman v. Elan Corp., PLC*, 706 F.3d 145, 153 (2d Cir. 2013) (noting that "a party may not amend pleadings through a brief") (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). Nor does the 2007 report itself indicate that Clayton had earlier provided data on a "securitization by securitization" basis. Thus, the complaint and the materials incorporated by reference do not identify these alleged contemporaneous Clayton reports with sufficient specificity. *See San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 812–13 (2d Cir. 1996) ("Plaintiffs' unsupported general claim of the existence of confidential company . . . reports . . . is insufficient to survive a motion to dismiss").

IKB's remaining allegations regarding scienter are similarly lacking. Although IKB argues that defendants' own due diligence placed them on notice of their misrepresentations regarding the quality of the underlying loans, IKB's complaint only alleges the sort of due diligence that *typically* occurs through warehouse lending relationships, and never identifies any information that came to light during any warehouse lending relationship involved in this case. *See Novak*, 216 F.3d at 309. Similarly, IKB's general allegations regarding undifferentiated Bank of America and Merrill Lynch entities and their role in the mortgage-backed securities market are insufficient to meet their pleading burden under Rule 9(b). *See In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 695 (2d Cir. 2009) ("In a case involving multiple defendants,

plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible.").

3

We similarly affirm the dismissal of IKB's remaining fraud claim, concerning alleged misrepresentations regarding the transfer of mortgages to the issuing trust. As an initial matter, we agree with the district court that, viewed as a whole, the Prospectus Supplements described the transfer of mortgages as a *prospective* event. *See Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 5 (2d Cir. 1996) ("It is undisputed that the prospectuses must be read as a whole.") (internal quotation marks and citation omitted). We have previously held that "[t]he failure to fulfill a promise to perform future acts is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994). Here, arguing for a lack of present intent, IKB cites only to their allegations regarding "[a] preliminary investigation of trusts issued and underwritten by BOA and Merrill Lynch in 2004 – a year before the earliest Trust at issue here." App'x at 81 ¶ 185. Without further elaboration, IKB alleges that this investigation "disclosed a similar lack of endorsements and transfers of notes and mortgages to those trusts as of the date of closing as was found for the Trusts in which Plaintiffs invested." *Id.* Aside from this quoted language, however, the complaint provides no details regarding this preliminary investigation, nor does it allege that defendants were on notice that this unspecified pool of mortgages had not been transferred to the unnamed trusts mentioned in the complaint. Such vague and limited allegations are insufficient to "give[] rise to a strong inference," *O'Brien*, 936 F.2d at 676 (internal quotation marks omitted), that defendants lacked any intent to transfer the mortgages at the time they issued the Prospectus Supplements.

We also affirm the district court's dismissal of the remainder of IKB's claims. IKB's negligent misrepresentation claim fails because the complaint contains no allegations regarding a special relationship of trust or confidence, nor does it "emphatically allege[]" other factors that might support justifiable reliance. *Eternity Global Master Fund Ltd.*, 375 F.3d at 188. IKB's fraudulent concealment claim similarly fails because IKB has not alleged facts supporting a duty to disclose, a necessary component of such a claim. *See Brass v. Am. Film Techs, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("A duty to speak cannot arise simply because two parties may have been on opposite sides of a bargaining table when a deal was struck between them, for under New York law, the ancient rule of *caveat emptor* is still alive and well."). Finally, IKB's aiding and abetting fraud claim fails in the absence of underlying fraud. *See Lerner*, 459 F.3d at 292 (explaining that "[t]o establish liability for aiding and abetting fraud," a plaintiff "must show . . . the existence of a fraud") (internal quotation marks omitted).

We have considered the remainder of IKB's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4