936 Coogan's Bluff, Inc. v 936-938 Cliffcrest Hous. Dev. Fund Corp. (2018 NY Slip Op 04286)





936 Coogan's Bluff, Inc. v 936-938 Cliffcrest Hous. Dev. Fund Corp.


2018 NY Slip Op 04286


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6844 850011/13

[*1]936 Coogan's Bluff, Inc., Plaintiff,
v
936-938 Cliffcrest Housing Development Fund Corporation, et al., Defendants.
936-938 Cliffcrest Housing Development Fund Corporation, Third-Party Plaintiff-Respondent,
v
The Wavecrest Management Team Ltd., et al., Third-Party Defendants-Appellants. 
 [And a Second Third-Party Action]


Lydecker Diaz, Melville (Louis Brett Goldman of counsel), for appellants.
The Kurland Group, New York (Yetta G. Kurland of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered August 31, 2017, which, insofar as appealed from, upon reargument, adhered to the original determination denying third-party defendants The Wavecrest Management Team Ltd., Lee Warshavsky, and Shuhab Housing Development Fund Corporation's (Shuhab defendants) motion to dismiss the third-party causes of action for fraud and conspiracy to commit fraud, unanimously affirmed, without costs.
The third-party complaint alleges that the Shuhab defendants, along with third-party defendant Department of Housing Preservation and Development (HPD), conspired together to induce the residents of the subject building to purchase units by making knowingly false representations about their intention to complete renovation work, which, among other things, was contracted to an entity that was defunct at the time the contract was entered into, and that the residents relied on these representations and gave the proceeds of loans they took out to the Shuhab defendants, who, along with HPD, diverted the funds and left the residents with shoddy, defective homes, and an uninhabitable building. These allegations are sufficiently detailed to state the causes of action for fraud and conspiracy to commit fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; CPLR 3016[b]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK