Guicha Inc. v A.M.A.A. Realty Corp. (2019 NY Slip Op 03474)





Guicha Inc. v A.M.A.A. Realty Corp.


2019 NY Slip Op 03474


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9186 162291/15

[*1]Guicha Inc., et al., Plaintiffs-Appellants,
v
A.M.A.A. Realty Corp., et al., Defendants-Respondents, Chamun Koo, et al., Defendants.


Solomon Zabrowsky, New York, for appellants.
Sperber Denenberg & Kahan, P.C., New York (Jacqueline Handel-Harbour of counsel), for respondents.



Order, Supreme Court, New York County (John J. Kelley, J.), entered March 16, 2018, which granted defendants-respondents' motion for summary judgment dismissing the claims asserted against them, unanimously affirmed, without costs.
Respondents met their prima facie burden on summary judgment of submitting evidence demonstrating their entitlement to summary judgment dismissing the causes of action asserted against them, and plaintiff failed to raise an issue of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
There is no evidence supporting any elements of plaintiffs' fraud claims (see Pasternak v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). In particular, plaintiffs cannot establish reliance on respondents' alleged misrepresentations or any collusion concerning a lease entered into with defendant AMAA, as a matter of law, since they successfully argued in a prior proceeding brought by AMAA to collect rent that the lease was invalid, and thus are judicially estopped from taking a contrary position (see Becerril v City of N.Y. Dept. of Health & Mental Hygiene, 110 AD3d 517, 519 [1st Dept 2013], lv denied 23 NY3d 905 [2014]).
Plaintiffs failed to raise an issue of fact concerning any injury resulting from any alleged notarial misconduct (see Mars v Grant, 36 AD3d 561, 562 [1st Dept 2007], lv denied 9 NY3d 810 [2007]; Amodei v New York State Chiropractic Assn., 160 AD2d 279, 282 [1st Dept 1990], affd 77 NY2d 890 [1991], 77 NY2d 891 [1991]; Executive Law § 135).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK