ABJ 105 LLC v Martinez

2026 NY Slip Op 02327

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

ABJ 105 LLC, Plaintiff-Respondent,

v

Gladys Martinez, Defendant-Appellant.

Decided and Entered: April 16, 2026

Index No. 650810/23|Appeal No. 6386|Case No. 2024-05959|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Oved & Oved LLP, New York (Jonathan A. Lynn of counsel), for appellant.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about August 16, 2024, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and defendant's motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff seeks to hold defendant liable for allegedly fraudulently inducing it to purchase real property in Manhattan. At the closing, defendant executed a certification concerning six apartments in the property, swearing that "no rent has ever been paid by the occupants" of the apartments, and alleging that the occupants of the apartments "are not tenants." However, schedule 8.1(k) in the closing binder set forth the "actual rents billed by [defendant] to the tenants of the premises."

Supreme Court should have dismissed the complaint, as the documentary evidence conclusively refutes the cause of action for fraudulent inducement (see CPLR 3211[a][1]). The parties' purchase and sale agreement contained a merger clause, which incorporated the terms of schedule 8.1(k) into the agreement. Further, plaintiff agreed to purchase the property "as is" and "where is." These terms in the parties' agreement bar plaintiff's claim arising out of reliance on the purported misrepresentations (see Suber v Churchill Owners Corp., 228 AD3d 414, 415 [1st Dept 2024]; Dille v Zoelle LLC, 220 AD3d 409, 410 [1st Dept 2023]).

Even if the complaint were not barred by the documentary evidence, it should still have been dismissed, as it fails to sufficiently plead all the elements of a cause of action for fraudulent inducement (see CPLR 3211[a][7]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026