Cortlandt St. Recovery Corp. v TPG Capital Mgt., L.P.

2026 NY Slip Op 02775

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Cortlandt Street Recovery Corp., Plaintiff-Respondent-Appellant,

v

TPG Capital Management, L.P., et al., Defendants-Appellants-Respondents, David Bonderman et al., Defendants.

Decided and Entered: May 05, 2026

Index No. 651176/17|Appeal No. 6512|Case No. 2022-05473|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Loeb & Loeb, New York (Paul M. O'Connor III of counsel), for TPG Capital Management, L.P., TPG Genpar IV, L.P., TPG Partners IV, L.P., TPG Advisors IV, Inc., T3 Genpar II, L.P., T3 Partners II, L.P., and T3 Parallel II, L.P., appellants-respondents.

Ropes & Gray LLP, New York (Robert S. Fischler of counsel), for Apax Partners, L.P., appellant-respondent.

Grant & Eisenhofer P.A., New York (Karin E. Fisch of counsel), for respondent-appellant.

[*1]

Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 25, 2022, which granted defendants' motions to dismiss the amended complaint in its entirety as against defendants David Bonderman and James Coulter and as against all defendants to the extent plaintiff's claims for fraud and breach of contract seek to recover damages related to sub notes registered to Clearstream International S.A., but denied the motions as to all defendants except Bonderman and Coulter insofar as the claims related to sub notes registered to Euroclear Bank SA/NV, unanimously modified, on the law, to grant defendants' motions to dismiss in their entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff failed to state a valid fraud claim because it did not allege any actionable misrepresentations (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).

Plaintiff alleged that the Offering Memorandum (OM) misrepresented that that the proceeds of the subject Subordinated Floating Rate Notes due 2015 (the Sub Notes) would be used to "redeem deeply subordinated shareholder loans from the Sponsors" when defendants in fact always intended to use them to redeem convertible preferred equity certificates (CPECs). However, the OM uses the terms "deeply subordinated shareholder loans" and "CPECs" interchangeably — referring to "deeply subordinated shareholder loans in the form of convertible preferred equity certificates ('CPECs'), which are treated as equity in our financial statements," and explaining that "[t]o facilitate the redemption of the deeply subordinated shareholder loans from the Sponsors as described in 'Use of proceeds,'" certain CPECs will be valued in a certain way and then redeemed (emphasis added).

Plaintiff also alleged that the OM misrepresented that "the Sub Notes would be secured by the CPECs and [the preferred equity certificates (PECs)] issued by [Hellas Telecommunications (Luxembourg) II, S.C.A.]" when defendants "always intended to redeem the CPECs and PECs in order to pay the proceeds of the Sub Notes to themselves." However, the OM did not suggest that the Sub Notes would be secured by all of the CPECs and PECs then in existence — only by a certain percentage of the total CPECs and PECs "outstanding at any time." The OM also made clear that at least some CPECs would be redeemed in connection with the subject transaction. It is true that the OM elsewhere stated: "Once the Company does not have any other debt liability to pay or to provide for, with priority to the CPECs, it has the option to redeem CPECs at the greater of par value and market value reduced by 0.5%." This language did not, however, suggest that this was the only circumstance in which CPECs could be redeemed but rather described the redemption parameters in such circumstance.

[*2]

Plaintiff also failed to state a valid breach of contract claim because it failed to identify any contractual provision that was allegedly breached. Neither the Sub Notes nor the governing indenture contain any provisions prohibiting the redemption of CPECs prior to paying off the Sub Notes. The terms of the indenture control "[i]n the event of a conflict" with any other documents. In any event, even the OM is devoid of any such provision, for the reasons detailed above.

In view of our disposition of these issues, we need not reach the parties' arguments with respect to the remaining elements of fraud, standing or capacity, alter ego liability, forum non conveniens, or personal jurisdiction over the individual defendants.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026