■ E. ROGER WILLIAMS et al., Respondents, v SIDLEY AUSTIN BROWN & WOOD, L.L.P., et al., Defendants, and HVB US FINANCE INC., Formerly Known as HVB STRUCTURED FINANCE INC., Appellant. [832 NYS2d 9]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered September 25, 2006, which granted plaintiffs' motion to renew and, upon renewal, reinstated plaintiffs' previously dismissed claims as against defendant-appellant and granted plaintiff leave to serve a second amended complaint, unanimously affirmed, with costs.

In an action by an investor against lender and financial services provider HVB, seeking damages for HVB's participation in a disallowed tax shelter, the court properly reconsidered its decision dismissing the first amended complaint as against HVB based on the federal deferred prosecution agreement, statement of admitted facts and criminal information, all of which were generated while HVB's initial motion to dismiss was pending (*see Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [1st Dept 2007]). The court properly declined to consider the November 2001 letter agreement between HVB and the individual plaintiff, in which, inter alia, the latter acknowledged that he had not entered into the transaction in reliance on any representations by HVB and agreed that HVB would not be li-

able for losses or liabilities relating to the transaction, since such agreement had long been in HVB's possession and the failure to submit it on the initial motion was unexplained.

Although there are no allegations of any affirmative misrepresentations by HVB itself, and no fiduciary relationship arose between the individual plaintiff and HVB as the purported lender (*see Korea First Bank of N.Y. v Noah Enters., Ltd.*, 12 AD3d 321, 323 [2004], *lv denied* 4 NY3d 710 [2005]), fraud is sufficiently stated by allegations giving rise to the permissible inferences (*see Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]) either that HVB had special knowledge or information regarding the IRS's posture that was not attainable by plaintiff, rendering it liable for nondisclosure regarding the tax shelter (*see Swersky v Dreyer & Traub*, 219 AD2d 321, 327-328 [1996]), or that HVB's failure to disclose the roles of the other defendants was a misleading partial disclosure (*see Computer Possibilities Unlimited v Mobil Oil Corp.*, 301 AD2d 70, 82 [2002], *lv denied* 100 NY2d 504 [2003]; *cf. Elghanian v Harvey*, 249 AD2d 206 [1998]). Since a viable fraud claim is stated, and the deferred prosecution agreement states that there was the requisite agreement or common scheme, the conspiracy cause of action is sufficiently stated. At this juncture it need not and cannot be determined whether the scheme was directed against plaintiff or the government.

The aiding and abetting fraud and aiding and abetting breach of fiduciary duty claims are sufficiently supported by allegations that HVB had actual knowledge that the opinion letters regarding the transaction contained false representations, and that HVB rendered substantial assistance to the other defendants by consulting with the tax shelter promoters, by reviewing the opinion letters and other transaction documents prior to commencement of the transaction, by moving the purported loan funds through the plaintiff entities although it must have known that the loans were sham based on the rapid timetable for the completed transaction, the lack of any credit check of the borrower, and the fact that the proceeds never actually left its custody and control, and by altering the confirmation slips to make the transactions appear to be part of a substantive investment strategy (*see Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 101-102 [1st Dept 2006]).

The allegations that the defendant to which HVB technically extended the loan was a mere conduit, and that it dealt directly with the individual plaintiff by charging him the loan origination fee, corresponding with him and instructing him to sign various documents, amply support the inference that the indi-

vidual plaintiff was an intended third-party beneficiary of the loan (*see Alicea v City of New York*, 145 AD2d 315, 318 [1988]). Thus, the claim for breach of the implied covenant of good faith is viable (*cf. Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137, 138 [1998], *lv denied* 95 NY2d 762 [2000]).

We have considered defendant's other contentions and find them unavailing. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.