■ JACOB SELECHNIK et al., Respondents, v LAW OFFICE OF HOWARD R. BIRNBACH, Appellant, et al., Defendant. [920 NYS2d 128]—

In May 2008, the plaintiff Robin Shimoff, through her attorney, tendered a check in the sum of $710,000 to the defendant Mario A. Tolisano, an employee of the defendant Law Office of Howard R. Birnbach (hereinafter the law office), to cover the purchase price of certain parcels of real property. In July 2008, Shimoff tendered to Tolisano the additional sum of $502,500 as a down payment for the purchase of certain other real property. Shimoff apparently borrowed the aforesaid funds from the plaintiff Jacob Selechnik. No closings of title occurred on either transaction, and the plaintiffs later learned, among other things, that Tolisano, whom they believed to be an attorney representing the seller of the properties, was not a licensed attorney. The plaintiffs commenced this action in November 2009, inter alia, to recover damages for fraud and negligent hiring and retention, and the law office moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The Supreme Court denied the motion. We affirm.

" 'In considering a motion to dismiss for failure to state a cause of action . . . the pleadings must be liberally construed . . . The sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Dinerman v Jewish Bd. of Family & Children's Servs., Inc.*, 55 AD3d 530, 530-531 [2008], quoting *Gershon v Goldberg*, 30 AD3d 372, 373 [2006]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Moreover, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88).

To properly plead a cause of action to recover damages for fraud, a plaintiff must allege that: (1) the defendant made a representation or a material omission of fact which was false and which the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury (*see Northeast Steel Prods., Inc. v John Little Designs, Inc.*, 80 AD3d 585 [2011]). Moreover, CPLR 3016 (b) requires that "the circumstances constituting the wrong shall be stated in detail." However, " '[t]his provision requires only that the misconduct

complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of and is not to be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud' " (*Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1050 [2010], quoting *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). In addition, "at this early stage of the litigation, plaintiffs are entitled to the most favorable inferences, including inferences arising from the positions and responsibilities of defendants," and "plaintiffs need only set forth sufficient information to apprise defendants of the alleged wrongs" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 443 [2010]).

Here, while the complaint contains no allegations of any affirmative misrepresentations by the law office itself, a fraud cause of action was sufficiently stated by the allegations contained therein which give rise to permissible inferences that the law office had certain knowledge or information regarding Tolisano's employment with it and his activities thereunder that were not ascertainable by the plaintiffs (*see Williams v Sidley Austin Brown & Wood, L.L.P.*, 38 AD3d 219, 220 [2007]).

The complaint alleges, inter alia, that Tolisano was employed by the law office, held himself out as an attorney with the law office, and distributed his business card to the plaintiffs, which, while not explicitly stating that he was an attorney, indicated that he was employed by the law office. Furthermore, the complaint alleges that at the time Tolisano made his representations to the plaintiffs, which induced them to turn over their money to him, the law office knew or should have known "that its attorney-employee-impersonator, cloaked with the apparent authority that comes from employment at the [law office], would offer false representations." These allegations were supplemented by the affidavit of the plaintiffs' real estate attorney, wherein he stated that when he met with Tolisano, Tolisano said he was a lawyer and gave him a business card "that made it appear as if [Tolisano] was a lawyer at the [law office]," and that during the pendency of the transactions, the plaintiffs' attorney sent a certified letter to Tolisano at the law office and made several telephone calls to the law office asking to speak with Tolisano and left messages, to which he received no reply.

Based on these allegations, the complaint adequately states causes of action to recover damages from the law office for the torts allegedly committed by Tolisano under the doctrine of respondeat superior and on the theory of negligent hiring and

retention, which are not required to be pleaded with specificity (*see Porcelli v Key Food Stores Co-Op., Inc.*, 44 AD3d 1020 [2007]).

The law office's remaining contentions are without merit, are raised for the first time on appeal, or have been rendered academic by our determination. Covello, J.P., Belen, Hall and Cohen, JJ., concur.