■ Kevin McDonnell, Appellant, v Ryan Bradley, Respondent, et al. Defendant. [970 NYS2d 612]—

In an action to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), dated March 23, 2012, which granted the motion of the defendant Ryan Bradley pursuant to CPLR 3211 (a) (5) and (7) and CPLR 3016 (b) to dismiss the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, and the motion of the defendant Ryan Bradley pursuant to CPLR 3211 (a) (5) and (7) and CPLR 3016 (b) to dismiss the complaint is denied.

In September 2011, the plaintiff, a futures contract trader, commenced this action to recover damages for fraud and breach of fiduciary duty from the defendants, Ryan Bradley and John Martin, two of his former employees. The defendants acted as floor clerks, receiving the plaintiff's orders for the purchase and sale of futures contracts, and arranging to have those orders executed by brokers. The plaintiff terminated the employment of the defendants in March 2006, when he discovered that the defendants were allegedly misappropriating a significant number of profitable trades executed on his behalf, and placing the profits from those trades, without his knowledge or consent, into a trading account maintained in the name of one of the defendants. Bradley moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and CPLR 3016 (b). The Supreme Court granted those branches of the motion which were pursuant to CPLR 3211 (a) (5) and (7) and CPLR 3016 (b) to dismiss the first cause of action, which sounded in fraud, and pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action, which was to recover damages.for breach of fiduciary duty, with respect to both defendants.

To state a cause of action sounding in fraud, a plaintiff must allege that "(1) the defendant made a representation or a material omission of fact which was false and the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4)

injury" (*Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077, 1078 [2011]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1188-1189 [2012]). "A cause of action to recover damages for fraudulent concealment requires, in addition to allegations of scienter, reliance and damages, an allegation that the defendant had a duty to disclose material information and that it failed to do so" (*High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]; *see Consolidated Bus Tr., Inc. v Treiber Group, LLC*, 97 AD3d 778, 779 [2012]; *see also Kaufman v Cohen*, 307 AD2d 113, 119-120 [2003]).

In assessing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the facts pleaded are accepted as true and the plaintiff is accorded every possible favorable inference (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Garner v China Natural Gas, Inc.*, 71 AD3d 825, 826 [2010]). The court is then to "determine only whether the facts as alleged fit within any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d at 827; *see Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]). Pursuant to CPLR 3016 (b), a cause of action alleging fraud must be pleaded with particularity so as to inform the defendant of the alleged wrongful conduct and give notice of the allegations the plaintiff intends to prove (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d at 1189). This pleading requirement "should not be confused with unassailable proof of fraud," and "may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 492; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559).

Here, the Supreme Court improperly granted that branch of Bradley's motion which was pursuant to CPLR 3211 (a) (7) and CPLR 3016 (b) to dismiss the first cause of action, which alleged fraud. Upon examining the allegations contained in the complaint and drawing reasonable inferences therefrom, we conclude that the plaintiff adequately pleaded a fraud cause of action (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 492-493). The complaint specified that the plaintiff relied upon the defendants to "arrange for the execution of his trade orders" and to "obtain the best pricing possible for the transactions" when doing so. The plaintiff also alleged that the defendants were responsible for "obtain[ing] from the brokers the specific

prices at which the trades were [ultimately] executed or 'filled' " and then "report[ing] those trading results to the [plaintiff's] administrative employees." The plaintiff alleged that he relied on the defendants to "honestly and accurately report to him the results of the trades they executed for him," because it was the method by which his "administrative staff could compute the profit or loss on each trade, and in turn, the profit or loss for the trading day." The complaint further stated that "unbeknownst to [the plaintiff], [the defendants] opened up a separate trading account with a clearing house different from the one used by [the plaintiff] for his trading" so that the defendants could conceal that they were misappropriating a significant number of profitable trades that were executed for the plaintiff, and placing the profits into this separate account, without the plaintiff's knowledge or consent.

Accepting these allegations as true, and according the plaintiff every possible favorable inference, the pleading sufficiently sets forth that the defendants engaged in a fraudulent scheme, while under a duty to honestly report all trades to the plaintiff and his administrative staff, by making material omissions of fact or fraudulently concealing from the plaintiff that they were diverting profits from trades made on the plaintiff's behalf, and that they were doing so in order for the plaintiff to rely on those misrepresentations and not discover the misappropriation of his profits, which he alleged were in the amount of $700,000 (*see e.g. Kaufman v Cohen*, 307 AD2d at 120). The plaintiff's failure to set forth all of the particulars of the defendants' scheme is not fatal to his claim (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d at 492-493).

Further, since the plaintiff adequately pleaded a cause of action to recover damages for fraud, the Supreme Court improperly granted that branch of Bradley's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action. Since the plaintiff sufficiently pleaded his first cause of action as one to recover damages for fraud, the first cause of action was subject to the six-year statute of limitations of CPLR 213 (8), rather than the three-year statute of limitations applied by the Supreme Court (*see Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]; *Vilsack v Meyer*, 96 AD3d 827, 828 [2012]).

With respect to the second cause of action, which alleged a breach of fiduciary duty, since the allegations of fraud were essential to this cause of action, the six-year statute of limitations applied to it as well (*see* CPLR 213 [8]; *Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933, 939 [2011]; *Scott v*

*Fields*, 85 AD3d 756 [2011]; *Monaghan v Ford Motor Co.*, 71 AD3d 848, 850 [2010]).

Accordingly, the Supreme Court improperly granted those branches of Bradley's motion which were pursuant to CPLR 3211 (a) (5) and (7) and CPLR 3016 (b) to dismiss the first cause of action and pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action. Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.