*719 “As a general principle, the statute of limitations begins to run when a cause of action accrues (see CPLR 203 [a])” (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]). With respect to tort claims, “accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint” (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]; see LaBello v Albany Med. Ctr. Hosp., 85 NY2d 701, 706 [1995]; Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d 527, 530 [2011]). Generally, tort claims accrue upon an injury being sustained, not upon the defendant’s wrongful act or the plaintiffs discovery of the injury (see Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]; Kronos, Inc. v AVX Corp., 81 NY2d at 94).
Here, the fifth, sixth, and seventh causes of action allege that the defendant Pablo Pintado, the owner of the appellant, breached duties owed to the plaintiff, who had employed Pintado (see generally Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1033 [2012]; Wallack Frgt. Lines v Next Day Express, 273 AD2d 462, 463 [2000]). Since this action was commenced more than three years after Pintado left the plaintiffs employ and no longer owed such duties, those causes of action are time-barred (see generally Kronos, Inc. v AVX Corp., 81 NY2d at 94; cf. Scott v Fields, 85 AD3d 756, 759 [2011]).
Similarly, the eighth and ninth causes of action allege, in effect, conversion committed during the course of Pintado’s employment. Since a cause of action to recover damages for conversion accrues on the date the conversion occurs, and because Pintado’s employment with the plaintiff ended more than three years before the plaintiff commenced this action, these causes of action are also time-barred (see CPLR 214 [3]; Sporn v MCA Records, 58 NY2d 482, 488 [1983]; Davidson v Fasanella, 269 AD2d 351 [2000]).
However, the appellant failed to demonstrate, prima facie, *720 that the tenth through thirteenth causes of action, which alleged tortious interference with prospective business opportunity, prima facie tort, and unfair competition, were time-barred. The appellant’s only showing in this regard was that Pintado’s employment with the plaintiff ended more than three years before commencement of the action. Questions of fact remain as to whether the conduct that the plaintiff alleges constituted tortious interference with prospective business opportunity, prima facie tort, and unfair competition continued after Pintado left the plaintiffs employ. In particular, questions of fact remain as to whether the defendants used the plaintiffs trade secrets or proprietary information after Pintado was no longer employed by the plaintiff, such that a statute of limitations defense to these causes of action, which the plaintiff has alleged were predicated on such conduct, would fail (see Zinter Handling, Inc. v General Elec. Co., 101 AD3d 1333, 1337 [2012]; Andrew Greenberg, Inc. v Svane, Inc., 36 AD3d 1094, 1098-1099 [2007]).
Accordingly, the appellant’s motion should have been granted as to the fifth through ninth causes of action insofar as asserted against it, and was properly denied as to the tenth through thirteenth causes of action insofar as asserted against it.
The plaintiffs remaining contention is without merit. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.