■ Fabio Salazar, Respondent, v Sacco & Fillas, LLP, et al., Appellants. [980 NYS2d 484]—

In an action to recover damages for legal malpractice, breach of contract, and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered September 27, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action sounding in breach of contract and fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action sounding in fraud insofar as asserted against the defendant Tonino Sacco, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiff retained the defendants Sacco and Fillas, LLP (hereinafter the law firm), and attorneys Tonino Sacco and Elias Nikolaos Fillas, who allegedly were partners in the law firm, to represent him as a plaintiff in a personal injury action and to represent two corporate entities that he controlled, Always First, Inc., and Always Fast, Inc. (hereinafter together the Always companies), in connection with certain commercial litigation.

The law firm settled the personal injury action on behalf of the plaintiff, and received certain settlement proceeds on the

plaintiff's behalf. Thereafter, the plaintiff and the Always companies, as "the client," and the law firm entered into an agreement (hereinafter the settlement agreement). The settlement agreement provided that, in exchange for the law firm's agreement to "discount outstanding balances" due the law firm from the Always companies, "the client" agreed to give up all rights to certain sums due "the client" from three enumerated litigations.

The plaintiff thereafter commenced the instant action, seeking to recover damages he allegedly sustained as a result of the defendants' legal malpractice, breach of contract, and fraud. The plaintiff alleges, inter alia, that the defendants breached the retainer agreement relating to the personal injury action in that they intentionally failed to pay him the settlement funds from that action. The plaintiff also alleges that he was fraudulently induced into signing the settlement agreement. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court, upon concluding that the complaint alleged intentional acts only, granted the defendants' motion only insofar as it sought to dismiss the first cause of action, sounding in legal malpractice. The defendants appeal.

When assessing a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, "the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Minovici v Belkin BV*, 109 AD3d 520, 521 [2013]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Treeline 990 Stewart Partners, LLC v RAIT Atria, LLC*, 107 AD3d 788, 791 [2013]).

The complaint adequately states a cause of action against the defendants sounding in breach of contract.

To state a cause of action sounding in fraud, a plaintiff must allege that "(1) the defendant made a representation or a material omission of fact which was false and which the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury" (*Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077, 1078 [2011]; *see McDonnell v Bradley*, 109 AD3d 592, 592-593 [2013]). In the instant matter, the complaint alleged that Fillas, one of the attorneys representing the plaintiff and the Always companies, made certain false statements, including, inter alia, misrepresenting the amount of past-due attorney's fees owed by the Always companies, and

falsely stating, in effect, that he could sue the plaintiff personally for the sums allegedly owed by the Always companies. The complaint further alleged that these statements were known by Fillas to be false at the time they were made, and were intended to deceive, coerce, and induce the plaintiff into entering into the settlement agreement, and that the plaintiff relied on these statements to his detriment. Accordingly, these allegations were sufficient to state a cause of action alleging fraud against Fillas and the law firm (*see* Partnership Law §§ 24, 25, 26 [e]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849 [2012]).

However, the complaint fails to state a cause of action sounding in fraud against Sacco. As a general matter, Partnership Law § 26 (a) (1) imposes joint and several liability upon all individual partners in a partnership for all obligations chargeable to the partnership under Partnership Law §§ 24 and 25, which are referable to wrongful acts committed by one or more partners of the partnership acting in the ordinary course of partnership business. Partnership Law § 26 (b), however, immunizes from individual liability any partner in a partnership registered as a limited liability partnership who did not commit the underlying wrongful act, except to the extent that Partnership Law § 26 (c) imposes liability on that partner where he or she directly supervised the person who committed the wrongful act and Partnership Law § 26 (d) imposes liability on that partner where he or she had previously agreed to assume individual liability for wrongs committed by another partner. Although, at this stage of the litigation, the plaintiff " 'need only set forth sufficient information to apprise defendants of the alleged wrongs' " (*Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d at 1079, quoting *DDJ Mgt., LLC v Rhone Group L.L.C.*, 78 AD3d 442, 443 [2010]), the complaint fails to allege facts apprising Sacco of the basis of his individual liability. The complaint does not allege that Sacco personally committed a fraudulent act. Nor does the complaint allege that the law firm is a general partnership or that, as such, Sacco may be held individually liable pursuant to Partnership Law § 26 (a) (1). Furthermore, the complaint does not allege that the law firm is a registered limited liability partnership, but that Sacco supervised Fillas in the commission of a fraudulent act, thus rendering Sacco individually liable pursuant to Partnership Law § 26 (c), or that Sacco had previously agreed to assume personal liability for fraudulent acts committed by Fillas, thus rendering Sacco individually liable pursuant to Partnership Law § 26 (d). The allegations in the complaint particularizing Fillas's fraudulent conduct, standing alone, are insufficient to state a cause of action sounding in fraud against Sacco (*see* Partnership Law

§ 26 [b], [d]; *Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d at 1079). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the fraud cause of action insofar as asserted against Sacco.

The defendants' remaining contentions either are without merit, need not be addressed in light of our determination, or are improperly raised for the first time on appeal. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.