■ STEVEN GOLDIN, as Co-Executor of BERNICE GOLDIN, on Behalf of and as Beneficiary of BERNICE GOLDIN's IRA, and Co-Trustee of the PAUL GOLDIN MARITAL TRUST B, et al., Appellants, v TAG VIRGIN ISLANDS, INC., Formerly Known as TAURUS ADVISORY GROUP, INC., Defendant, and JAMES S. TAGLIAFERRI et al., Respondents. [53 NYS3d 258]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 13, 2015, which granted defendants-respondents' motions to dismiss the complaint as against them, unanimously modified, on the law, to deny the motions as to the fraud, breach of fiduciary duty, negligent misrepresentation, constructive fraud, and aiding and abetting breach of fiduciary duty claims as against Tagliaferri and Cornell, the breach of contract claim against IEAH Corporation, IEAH Stables, Inc., International Equine Acquisitions Holdings, Inc. (collectively, IEAH), the aiding and abetting fraud and breach of fiduciary duty claims against IEAH and Iavarone, and the unjust enrichment claim against IEAH and Iavarone, and otherwise affirmed, without costs.

In light of the principles that, on a motion to dismiss pursuant to CPLR 3211, the facts alleged in the complaint must be accepted as true and the plaintiff afforded every favorable inference and that, in the absence of a conclusive document, neither the lack of evidentiary submissions to support the plaintiff's claims nor the defendant's denials are dispositive (*see Leon v Martinez*, 84 NY2d 83 [1994]), the motion court erred in dismissing the complaint in its entirety.

The fraud, negligent misrepresentation, and constructive fraud claims (the fraud claims) as against Tagliaferri and Cornell, even absent details of time and place, allege facts sufficient to permit a reasonable inference of the alleged misconduct, thereby meeting the heightened pleading requirement of CPLR 3016 (b) (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553 [2009]; *Board of Mgrs. of 411 E. 53rd St. Condominium v Dylan Carpet*, 182 AD2d 551 [1st Dept 1992]). The breach of fiduciary duty and aiding and abetting claims, while alleging a part of the entire alleged scheme, are based on particular acts different from the alleged fraudulent acts and

are not duplicative of the fraud claims (*see Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 463 [1st Dept 2007]).

The fraud claim was correctly dismissed as against IEAH and Iavarone. The complaint does not allege facts from which it could be found that IEAH had a duty to disclose material information to plaintiffs (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 179 [2011]).

The complaint states a cause of action against IEAH and Iavarone for aiding and abetting fraud and breaches of fiduciary duty (*see Oster v Kirschner*, 77 AD3d 51 [1st Dept 2010]). Plaintiffs have adequately pleaded actual knowledge and substantial assistance via allegations, inter alia, that IEAH and Iavarone paid undisclosed and illegal kickbacks and fees to the TAG defendants for "investment advisory services" that were never provided, and that IEAH and Iavarone paid commissions that were not a term of certain convertible notes at issue. The complaint further alleges that the TAG defendants created backdated invoices and threatened to cut off IEAH's funding if it did not allow TAG access to its books and records.

The complaint states a cause of action for breach of contract against IEAH. Contrary to IEAH's contention, the complaint identifies the contract as the convertible notes, to which plaintiffs claim they are third-party beneficiaries (*see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc.*, 141 AD3d 792, 797 [3d Dept 2016]). The motion court erred in finding that this claim was self-defeating since the conflicting statement was a quote from an email, not an allegation.

As there is a genuine dispute over the existence of the contract, the unjust enrichment claim was properly pleaded in the alternative to the contract claim (*see Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc.*, 95 AD3d 434, 438-439 [1st Dept 2012]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.