Deutsche Bank Natl. Trust Co. v McAvoy (2020 NY Slip Op 06494)





Deutsche Bank Natl. Trust Co. v McAvoy


2020 NY Slip Op 06494


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-08557
 (Index No. 63331/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Mark J. McAvoy, etc., et al., appellants, et al., defendants.


The Law Office of Mark E. Nadjar, P.C., Commack, NY, for appellants.
Fidelity National Law Group, New York, NY (David J. Wolkenstein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mark J. McAvoy and Laura McAvoy appeal from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 8, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to amend the complaint to add causes of action to impose an equitable mortgage, for reformation, to recover damages for unjust enrichment, for equitable subrogation, in effect, for a judgment declaring the recorded mortgage a valid encumbrance against the entire property based on the defendant Laura McAvoy's ratification of the mortgage, and to direct the Suffolk County Clerk to accept for recording a copy of a mortgage purportedly signed by both the defendant Mark J. McAvoy and the defendant Laura McAvoy.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for leave to amend the complaint to add causes of action to impose an equitable mortgage, for reformation, to recover damages for unjust enrichment, for equitable subrogation, and, in effect, for a judgment declaring the recorded mortgage a valid encumbrance against the entire property based on the defendant Laura McAvoy's ratification of the mortgage, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
By deed dated March 13, 1992, the defendants Mark J. McAvoy and Laura McAvoy took title to real property located on Wall Street in Huntington. In 2006, Mark borrowed $520,000 from Wells Fargo Bank, N.A. (hereinafter Wells Fargo), and executed a note. Mark also executed a mortgage giving Wells Fargo a lien on the property, and Laura allegedly did as well. The mortgage and note were later assigned to the plaintiff. In 2011, there was a default on the note, and in 2014, the plaintiff commenced this action to foreclose the mortgage. The plaintiff later learned that its predecessor in interest recorded a copy of the mortgage with the Suffolk County Clerk which did not contain Laura's signature. The plaintiff asserts that while it subsequently located a copy of a mortgage signed by both Laura and Mark and certified by a Wells Fargo employee to be a true and correct copy of the original, it did not possess an original of that mortgage.
In 2017, the plaintiff moved, inter alia, pursuant to CPLR 3025(b) for leave to amend [*2]the complaint to add causes of action to impose an equitable mortgage, for reformation, to recover damages for unjust enrichment, for equitable subrogation, in effect, for a judgment declaring the recorded mortgage a valid encumbrance against the entire property based on Laura's ratification of the mortgage, and to direct the Suffolk County Clerk to accept for recording a bank certified copy of a mortgage purportedly signed and acknowledged by both Mark and Laura since the original of that document has not been located. The Supreme Court, among other things, granted those branches of the plaintiff's motion, and Mark and Laura appeal.
Motions pursuant to CPLR 3025(b) for leave to amend a pleading are addressed to the sound discretion of the court (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 863). They should be freely granted in the absence of prejudice or surprise resulting directly from delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see Wander v St. John's Univ., 163 AD3d 896, 896-897; Lucido v Mancuso, 49 AD3d 220, 227). "The party opposing the application has the burden of establishing prejudice which requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (Redd v Village of Freeport, 150 AD3d 780, 781 [citation and internal quotation marks omitted]).
A motion for leave to amend a complaint or other pleading to add a cause of action or theory of recovery that is time-barred under the applicable statute of limitations is "patently devoid of merit" (Schwartz v Walter, 171 AD3d 969, 970; Wander v St. John's Univ., 163 AD3d at 897; Quinto v New York City Tr. Auth., 7 AD3d 689, 689). "[U]nder the relation-back doctrine, a plaintiff may interpose a claim or cause of action which would otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Carlino v Shapiro, 180 AD3d 989, 990 [internal quotation marks omitted]; see CPLR 203[f]; Moezinia v Ashkenazi, 136 AD3d 990, 992).
Here, the proposed causes of action to impose an equitable mortgage, for reformation, to recover damages for unjust enrichment, for equitable subrogation, and, in effect, for a judgment declaring the recorded mortgage a valid encumbrance against the entire property based on Laura's ratification of the mortgage accrued in 2006 when the note and mortgage were executed, and were untimely when the action was commenced in 2014 (see CPLR 213[1], [6]). Therefore, these causes of action cannot be deemed timely pursuant to the relation-back doctrine (see CPLR 203[f]). Accordingly, the Supreme Court should not have granted the plaintiff leave to amend the complaint to add these causes of action.
However, the proposed cause of action to direct the Suffolk County Clerk to accept for recording a bank certified copy of a mortgage purportedly signed and acknowledged by both Mark and Laura was timely inasmuch as it was interposed within six years of the plaintiff determining that it did not possess the original mortgage signed by both Mark and Laura (see CPLR 213[1]; JPMorgan Chase Bank, N.A. v Wright, 174 AD3d 871; JP Morgan Chase Bank, N.A. v Mbanefo, 123 AD3d 669). Moreover, Mark and Laura failed to show that they were prejudiced or surprised by the addition of this cause of action, and did not establish that this cause of action was patently devoid of merit or palpably insufficient (see Park v Home Depot U.S.A., Inc., 183 AD3d 645; Strunk v Paterson, 145 AD3d 700, 701). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff leave to amend the complaint to add this cause of action.
The remaining contentions of Mark and Laura are without merit.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court