Johnson v Asberry (2021 NY Slip Op 00120)





Johnson v Asberry


2021 NY Slip Op 00120


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 653236/18 Appeal No. 12851 Case No. 2019-5390 

[*1]Melissa Johnson, Plaintiff-Respondent,
v
Tiffany Asberry, Defendant-Appellant, Asberry Holding Company, LLC, Defendant. Johnson & Asberry Communications, LLC, Non-Party Appellant.


McGlashan Law Firm, P.C., New York (Patrick McGlashan of counsel), for appellant.
Pryor Cashman LLP, New York (James S. O'Brien, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered June 13, 2019, which, inter alia, denied defendant Tiffany Asberry's CPLR 3211(a) motion to dismiss the complaint and directed that nonparty Johnson and Asberry Communications, LLC (J&A) be summoned and interpose an answer to the complaint, unanimously affirmed, without costs.
Asberry and plaintiff were member-managers of J&A, with Asberry holding a 51% majority interest. Asberry asserts that she undertook a series of actions, culminating with the merger of defendant Asberry Holding Company, LLC, her solely owned entity, into J&A, with the effect of wiping out plaintiff's 49% interest in J&A, in good faith and in the best interests of J&A, in order to forestall a threatened dissolution of the company by plaintiff. Asberry thus argues that she is protected from liability to plaintiff by an exculpatory provision in J&A's original operating agreement. Asberry presents the operating agreement as documentary evidence establishing her defense.
Asberry's arguments are unavailing, as ultimately they turn on the contentions in her opposition affidavit that she was acting in good faith in the company's best interests. Affidavits are not documentary evidence and are not appropriate proof on a CPLR 3211(a)(1) motion to dismiss (see Correa v Orient-Express Hotels, Inc., 84 AD3d 651, 651 [1st Dept 2011]; Williamson, Picket, Gross, Inc. v Hirschfeld, 92 AD2d 289, 290 [1st Dept 1983], appeal dismissed 60 NY2d 585 [1983]). Whether Asberry exercised business judgment or otherwise acted in good faith presents a factual question which cannot be resolved on a CPLR 3211(a) motion to dismiss (see Demas v 325 W. End Ave. Corp., 127 AD2d 476, 478 [1st Dept 1987]).
Crediting the allegations in the complaint and construing them liberally, plaintiff alleges, in sum, that Asberry conceived of and executed a scheme to eliminate plaintiff's interest in J&A. Asberry failed to disclose this scheme to plaintiff despite her fiduciary duty, as LLC manager and majority member, to inform plaintiff of her intentions (see Limited Liability Company Law § 409[a]; Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Plaintiff justifiably relied on Asberry's silence to her detriment (in losing all of her interest in the company). By the foregoing, plaintiff has adequately pleaded a claim for fraud by omission (see American Baptist Churches of Metro. N.Y. v Galloway, 271 AD2d 92, 100 [1st Dept 2000]; Selechnik v Law Off. of Howard R. Birnbach, 82 AD3d 1077, 1078-1079 [2d Dept 2011]).
Plaintiff seeks primarily equitable relief, including an unwinding of the actions taken by Asberry leading up to the freeze-out merger, beginning with a declaration that J&A's original operating agreement remains in effect. This is thus an "appropriate action" for equitable relief for unlawful corporate action (Business Corporation Law § 623[k]; see SBE 44 Wall, LLC v New 44 Wall St., LLC, 2013 NY Slip Op 32104[U], * 5-6 [Sup Ct, [*2]NY County 2013]).
We have considered Asberry's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021