Pape Ventures, Inc. v American Sports Media, L.L.C. (2022 NY Slip Op 04454)

Pape Ventures, Inc. v American Sports Media, L.L.C.

2022 NY Slip Op 04454

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

344 CA 21-00205

[*1]PAPE VENTURES, INC., A NEBRASKA CORPORATION, PLAINTIFF-APPELLANT,
v
AMERICAN SPORTS MEDIA, L.L.C., A NEW YORK LIMITED LIABILITY COMPANY, SIMPLECIRC, L.L.C., A NEW YORK LIMITED LIABILITY COMPANY, AND DAVID K. AULTMAN, AN INDIVIDUAL, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING, PLLC, ROCHESTER (JEFFREY F. ALLEN OF OCUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 14, 2021. The order, insofar as appealed from, granted in part defendants' motion to partially dismiss plaintiff's complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the second through fifth causes of action are reinstated.
Memorandum: Plaintiff, a corporation that designs proprietary software used by publishers to track and manage their customers' subscriptions, commenced this action to recover damages as a result of defendants' alleged reverse engineering of plaintiff's proprietary software, which they repackaged and sold as their own, in violation of the terms of service for use of the software. In the verified complaint, plaintiff asserted six causes of action: (1) breach of contract; (2) misappropriation of trade secrets; (3) tortious interference "with contracts and/or business relationships or expectancies"; (4) deceptive trade practices; (5) civil conspiracy; and (6) unjust enrichment. Defendants moved, inter alia, to dismiss the second through fifth causes of action in the complaint pursuant to CPLR 3211 (a) (5). Plaintiff appeals from an order insofar as it granted the motion to that extent.
In moving to dismiss the second through fifth causes of action on statute of limitations grounds, defendants had "the initial burden of establishing prima facie that the time in which to sue ha[d] expired . . . and thus w[ere] required to establish, inter alia, when the . . . cause[s] of action accrued" (Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011] [internal quotation marks omitted]; see Wendover Fin. Servs. v Ridgeway, 137 AD3d 1718, 1719 [4th Dept 2016]). A statute of limitations does not begin to "run until there is a legal right to relief. Stated another way, accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]; see City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d 718, 719 [2d Dept 2014]). "Generally, tort claims accrue upon an injury being sustained, not upon the defendant's wrongful act or the plaintiff's discovery of the injury" (City Store Gates Mfg. Corp., 113 AD3d at 719; see Kronos, Inc., 81 NY2d at 94).
Here, defendants did not meet their initial burden on that part of the motion based on [*2]CPLR 3211 (a) (5) because they did not establish in their moving papers the relevant accrual date of plaintiff's second through fifth causes of action and, therefore, could not show that the applicable limitations period had expired with respect to those causes of action (see Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019]; Larkin, 81 AD3d at 1355). Consequently, Supreme Court erred in granting defendants' motion insofar as it sought to dismiss the second through fifth causes of action on statute of limitations grounds. Because defendants did not satisfy their initial burden on that part of the motion, the burden never " 'shift[ed] to . . . plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether . . . plaintiff actually commenced the action within the applicable limitations period' " (U.S. Bank N.A. v Gordon, 158 AD3d 832, 835 [2d Dept 2018]; cf. Carrington v New York State Off. for People With Dev. Disabilities, 170 AD3d 1495, 1496 [4th Dept 2019]).
In light of our determination, plaintiff's remaining contention is academic.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court