| |
|---|
| **McCrae v Nurse** |
| 2025 NY Slip Op 31885(U) |
| May 22, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518321/2022 |
| Judge: Carolyn E. Wade |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 84 of the Supreme
Court of the State of New York, held
in and for the County of Kings, at the
Courthouse, located at 360 Adams
Street, Brooklyn, New York 11201
on the _22_ day of May, 2025

PRESENT: Hon. Carolyn E. Wade, J.S.C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
WONITA McCRAE,

                          Plaintiff,
        —against—

CARL M. NURSE, BEFUT GLOBAL INC., AZAD ALI,
MONEY ON DEMAND INC., ANDREW BLACK ESQ.,
GELB & BLACK, PC., CARL C. BELGRAVE, ESQ.,

                          Defendants.
------------------------------------------------------------------X

Index No.: 518321/2022

WKS# 6

Plaintiff WONITA MCRAE'S (hereinafter "PLAINTIFF") Motion for Summary

Judgment, Motion Seq. 006 (NYSCEF Doc. Nos. 61-68), seeks an Order (1) pursuant to

CPLR §3212, granting summary judgement to PLAINTIFF for her cause of action for specific

performance, conspiracy to commit fraud, and damages for pain and suffering against

Defendants CARL M. NURSE, BEFUT GLOBAL INC., AZAD ALI, and MONEY ON

DEMAND INC., (hereinafter "DEFENDANTS"); (2) in the alternative, granting PLAINTIFF

the benefit of her bargain, which is the difference in the Contract Price and the current value

of the subject property, plus damages for pain and suffering against DEFENDANTS for

conspiracy to commit fraud; (3) pursuant to CPLR § 3212, granting summary to PLAINTIFF

her cause of action for conspiracy to commit fraud and damages for pain and suffering against

1

[* 1]

Defendant CARL C. BELGRAVE, ESQ., (hereinafter "BELGRAVE") and for an order referring BELGRAVE to the Grievance Committee for willful violation of the New York State Rules of Professional Conduct (22 N.Y.C.R.R. Part 1200) Rule 1.5 (d)(5)(ii) and Rule 3.4 (a)(3); and (4) granting PLAINTIFF such other and further relief this Court deems just, equitable, and proper.

Defendant BELGRAVE opposed PLAINTIFF'S Motion (NYSCEF Doc. No. 69), respectfully requesting that this Court deny PLAINTIFF'S Motion in its entirety and grant such other relief as the Court deems just and proper.

## STATEMENT OF FACTS

This action arises out of an alleged residential contract of sale dated December 7, 2021 (hereinafter "residential contract of sale") for the subject premises known as 5313 Avenue H in Brooklyn, New York, 11234 (hereinafter "the subject premises") for the sum of seven hundred and twenty-five thousand ($725,000.00) dollars. *See* Plaintiff's Complaint (NYSCEF Doc. No. 1).

PLAINTIFF is the buyer in the residential contract of sale. Defendant Carl M. Nurse (hereinafter "NURSE") is the owner of Defendant Befut Global Inc. (hereinafter "BEFUT") and, together, NURSE/BEFUT are the sellers in the residential contract of sale. *Id.* PLAINTIFF retained by Defendant Andre Black, Esq./Gelb & Black P.C. (hereinafter "BLACK") to represent her in the purchase of the premises. NURSE/BEFUT were represented by Defendant Carl C. Belgrave, Esq., (hereinafter "BELGRAVE")[1]. *Id.*

---

[1] Plaintiff alleges that BLACK selected BELGRAVE, an attorney at the same office address, to represent NURSE/BEFUT while BLACK represented PLAINTIFF, creating a conflict of interest, and aiding and abetting a fraudulent breach of the contract of sale. *Id.* at 30.

[* 2]

PLAINTIFF alleges that she obtained a loan commitment approval from her bank and paid a down payment of twenty-one thousand, seven hundred and fifty ($21,750.00) dollars. PLAINTIFF further alleges that, although she was ready, willing, and able to perform her contractual obligations, NURSE/BEFUT sold and/or transferred the property to Defendant Azad Ali, the owner of Defendant Money on Demand Inc. (hereinafter "ALI/MONEY") as "straw transferees" and "sham purchasers." *Id.*

Additionally, PLAINTIFF alleges that ALI/MONEY is a neighbor and a friend to NURSE/BEFUT and had knowledge that a contract of sale was in place for the sale of the subject property. *Id.*

## ANALYSIS

Upon a reading of the foregoing papers, and all other papers and proceedings in this action, and after oral argument, PLAINTIFF'S Motion is decided as follows:

Summary judgment is "a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues." *Andre v. Pomeroy*, 35 N.Y.2d 361, 363 [1974]. Further, "summary judgment should be denied even when the existence of a factual issue is arguable." *Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y.2d 395, 398 [1957].

Additionally, "[a] claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016 (b)." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]. "To state a cause of action sounding in fraud, a plaintiff must allege that '(1) the defendant made a representation or a material omission of fact which was false and the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) there was justifiable reliance on the misrepresentation or

[* 3]

material omission, and (4) injury.'" *McDonnell v. Bradley*, 109 AD3d 592, 592-93 [2d Dept 2013].

"A cause of action sounding in civil conspiracy cannot stand alone, but stands or falls with the underlying torts." *Nissan Motor Acceptance Corp v. Scialpi*, 94 AD3d 1067, 1069 [2d Dept 2012]. Furthermore, to recover for aiding and abetting fraud, the plaintiff must plead (1) the existence of an underlying fraud, (2) knowledge of the fraud by the aider and abettor, and (3) substantial assistance by the aider and abettor in the achievement of the fraud (*Fox Paine & Co., LLC v Houston Cas. Co.*, 153 AD3d 678, 679 [2d Dept 2017].

Here, there are triable issues of fact as to whether Defendants' CARL M. NURSE, BEFUT GLOBAL INC., AZAD ALI, MONEY ON DEMAND INC., ANDREW BLACK ESQ., and CARL C. BELGRAVE, ESQ, alleged conduct was sufficient to establish fraud, or the aiding and abetting of fraud, against PLAINTIFF in the purchase of the subject property.

PLAINTIFF argues that "Defendant [BELGRAVE] represented the seller when he called defendant [ALI/MONEY] and introduced him to a property that [he knew] was in contract and, as an attorney representing the seller, he unlawfully and illegally sold out the public trust ... when he diverted the sale of the subject property to defendant [ALI/MONEY] for a referral commission..." *See* PLAINTIFF'S Affirmation in Support ¶ 10 and 12 (NYSCEF Doc. No. 62).

Conversely, BELGRAVE argues that he "would not call a third party to purchase a property which was already in contract." *See* BELGRAVE'S Affirmation in Opposition ¶

4

20 (NYSCEF Doc. No. 69). BELGRAVE further argues that he "was not a party to the sale transaction and only became aware after the transfer had already been made." *Id.* at ¶ 23.

As such, there are issues of fact to be determined by a jury.

Accordingly, it is hereby **ORDERED** that PLAINTIFF'S Motion for Summary Judgment is **DENIED**.

This constitutes the Decision and Order of the Court.

ENTER

_____

Honorable Carolyn E. Wade, J.S.C.
**Hon. Carolyn E. Wade
Supreme Court Justice**

KINGS COUNTY CLERK
FILED
2025 MAY 27 A 1:12