Vides v Knapp's Landscaping, Inc. (2025 NY Slip Op 03600)

Vides v Knapp's Landscaping, Inc.

2025 NY Slip Op 03600

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2024-02083
 (Index No. 34064/22)

[*1]Rolando Rodriguez Vides, appellant, 
v
Knapp's Landscaping, Inc., et al., respondents.

Stillman Legal, P.C., New York, NY (Lina Stillman of counsel), for appellant.
Savad Churgin, LLP, Nanuet, NY (Joseph A. Churgin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover unpaid wages, the plaintiff appeals from an order of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated March 1, 2024. The order granted the defendants' motion pursuant to CPLR 3025(b) for leave to amend their answer to assert counterclaims sounding in conversion, fraud, breach of fiduciary duty, and tortious interference with contract.
ORDERED that the order is affirmed, with costs.
On September 23, 2022, the plaintiff commenced this action against the defendants, inter alia, to recover unpaid wages and overtime compensation under the New York State Minimum Wage Act (Labor Law art 19) and various wage orders promulgated by the New York State Department of Labor (see 12 NYCRR 137—143).
The defendants timely interposed an answer. Eight months later, on July 25, 2023, the defendants moved pursuant to CPLR 3025(b) for leave to amend their answer to assert counterclaims sounding in conversion, fraud, breach of fiduciary duty, and tortious interference with contract, alleging, among other things, that while the plaintiff was supposed to be working for the defendants, he engaged in side jobs wherein he was paid directly by homeowners. In an order dated March 1, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals, and we affirm.
"[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Shields v Darpoh, 207 AD3d 586, 587 [internal quotation marks omitted]; see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641). Although "[a] motion for leave to amend a complaint or other pleading to add a cause of action or theory of recovery that is time-barred under the applicable statute of limitations is patently devoid of merit" (Deutsche Bank Natl. Trust Co. v McAvoy, 188 AD3d 808, 810 [internal quotation marks omitted]; see Bhatara v Kolaj, 222 AD3d 926, 929), here, contrary to the plaintiff's contention, he failed to demonstrate that the defendants' proposed counterclaims [*2]sounding in conversion, breach of fiduciary duty, and tortious interference with contract are time-barred (see generally Capruso v Village of Kings Point, 23 NY3d 631; Harlem Capital Ctr., LLC v Rosen & Gordon, LLC, 145 AD3d 579, 580; Katz v Beil, 142 AD3d 957, 962; City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d 718, 719). Contrary to the plaintiff's further contention, the counterclaim sounding in fraud was pleaded with the particularity required by CPLR 3016(b) (see Sargiss v Magarelli, 12 NY3d 527, 530; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486; Polenetsky v Better Homes Depot, 97 NY2d 46, 55; Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 868; Berkovits v Berkovits, 190 AD3d 911, 915; Goldin v TAG Virgin Is., Inc., 149 AD3d 467, 467; McDonnell v Bradley, 109 AD3d 592, 594).
Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion pursuant to CPLR 3025(b) for leave to amend their answer to assert counterclaims sounding in conversion, fraud, breach of fiduciary duty, and tortious interference with contract.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court