| |
|---|
| **Brigham v Arnold** |
| 2025 NY Slip Op 32094(U) |
| June 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156213/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** 33M |
| | *Justice* | |

------------------------------------------------------------------X

THOMAS BRIGHAM,

Plaintiff,

- V -

SARA ARNOLD, OAKLANDER, COOGAN & VITTO, PC,

Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156213/2024 |
| **MOTION DATE** | 10/23/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 47, 48, 49, 50, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 were read on this motion to/for _____DISMISS_____.

Upon the foregoing documents, and after a final submission date of April 22, 2025, Defendants Sara Arnold ("Ms. Arnold") and Oaklander, Coogan & Vitto, PC's ("Oaklander, Coogan & Vitto") (collectively "Defendants") motion to dismiss Plaintiff Thomas Brigham's Amended Complaint is granted.

## I.     Background

In this action, Plaintiff sues Defendants for alleged defamation arising from a report authored by Ms. Arnold where she stated that Plaintiff made certain alterations to his apartment. He also sues for alleged architectural malpractice and fraud. Defendants are architects who were allegedly retained in 2012 by Plaintiff's landlord to legalize alterations to a loft apartment at 72 Warren Street, 3rd Floor, New York, New York (the "Apartment"). Plaintiff allegedly lives in the Apartment and claims that Defendants failed to properly legalize the unit. Plaintiff further alleges that dates on construction inspection documents were forged or signed by individuals who did not have the authority to do so. Plaintiff is litigating against Defendants and others in another action in this Court captioned *Brigham v. Jaffe et al.*, Index No. 653270/2015 arising out of a fire in

156213/2024  BRIGHAM, THOMAS C. vs. ARNOLD, SARA ET AL
Motion No.  003

Page 1 of 6

Plaintiff's Apartment. Defendants now move to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(4), (a)(5), and (a)(7).

## II.    Discussion

### A. Defamation

Defendants' motion to dismiss Plaintiff's defamation claims pursuant to CPLR 3211(a)(5) is granted. The alleged defamation was published in Ms. Arnold's report dated October 30, 2019 (NYSCEF Doc. 2), but the defamation claims were not brought until July 9, 2024 (NYSCEF Doc. 1). The statute of limitation for defamation is one year, and it begins to accrue on the date of publication – not when the publication is discovered (*Dashdevs LLC v Capital Markets Placement, Inc.*, 210 AD3d 525, 526 [1st Dept 2022]; *see also Smulyan v New York Liquidation Bureau*, 158 AD3d 456, 457 [1st Dept 2018]).

Plaintiff's argument that Defendants are equitably estopped from asserting a statute of limitations defense as to the defamation claims because they did not disclose the report containing the allegedly defamatory comments is without merit. The doctrine of equitable estoppel to prevent application of the statute of limitations applies only where the plaintiff was induced by fraud or deception to prevent filing his action within the statute of limitations, and plaintiff's reliance on the alleged misrepresentation must be reasonable (*Zumpano v Quinn*, 6 NY3d 666, 674 [2006]). Where facts would suggest to a reasonable person that they may have been defrauded, but they shut their eyes to the facts calling for investigation, the doctrine of equitable estoppel does not apply (*MBI Intern. Holdings Inc. v Barclays Bank PLC*, 151 AD3d 108, 110 [1st Dept 2017]).

Plaintiff claims that because Defendants are a party in the *Brigham v. Jaffe et al.* matter, they should have disclosed Ms. Arnold's report to him in discovery, but since they did not, they cannot now raise a statute of limitations defense. This argument ignores the fact that the *Brigham*

**156213/2024   BRIGHAM, THOMAS C. vs. ARNOLD, SARA ET AL**
**Motion No.  003**

**Page 2 of 6**

2 of 6

[* 2]

*v. Jaffe et al.* matter was, at the time the report was published, dismissed by Justice Marin, and was only reinstated after the First Department reversed that dismissal on December 8, 2020.

Moreover, after the action was reinstated, it was Plaintiff's duty to prosecute his case effectively and demand the documents he believed to be material and necessary – he cannot claim to have been lulled into inaction when he was actively litigating a case against Defendants and had numerous procedural mechanisms available to obtain disclosure of the report. The NYSCEF docket in the *Brigham v. Jaffe et al.* matter shows that while Plaintiff served a notice of discovery and inspection in January of 2024 (NYSCEF Doc. 405), from 2020 through 2024, although Plaintiff was responding to discovery and objected to certain discovery demands, he never served any demands for discovery (NYSCEF Docs. 391-402). Therefore, Plaintiff cannot raise equitable estoppel as a defense when his own inaction delayed discovery of Ms. Arnold's 2019 report (*see also MRE Technology Solutions LLC v Smiths Detection, Inc.*, 216 AD3d 430, 431 [1st Dept 2023]). Plaintiff's first through fourth causes of action alleging discrimination are dismissed.

## B. Architectural Malpractice

Defendants' motion to dismiss Plaintiff's architectural malpractice causes of action is granted. As stated by the Court of Appeals, "malpractice is professional misfeasance toward one's client" (*Chase Scientific Research, Inc. v NIA Group, Inc.*, 96 NY2d 20, 24 [2001]). Thus, privity or some form of client relationship is required to allege malpractice. Although Courts have recognized claims for malpractice based on the "functional equivalent of privity" the Court of Appeals has outlined three prerequisites that must be satisfied for a relationship to be deemed the "functional equivalent of privity" (*Sykes v RFD Third Ave. 1 Associates, LLC*, 15 NY3d 370, 373 [2010]).

Specifically, the Court of Appeals requires a showing that "(1) the [professional] must have been aware that the [] reports were to be used for a particular purpose or purposes; (2) in the

156213/2024 BRIGHAM, THOMAS C. vs. ARNOLD, SARA ET AL
Motion No. 003

Page 3 of 6

3 of 6

furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the [professional] linking them to that party or parties, which evinces the [professional's] understanding of that party or parties' reliance." (*Sykes, supra* quoting *Credit Alliance Corp. v Arthur Anderson & Co.*, 65 NY2d 536, 551 [1985]).

Plaintiff has filed a litany of exhibits in opposition which he alleges support his allegations that Defendants committed architectural malpractice and made false statements. However, none of those documents, many of which were not authored by Defendants but various law firms representing the building owner, who is a non-party, were directed at Plaintiff nor is there any evidence linking Defendants' intention of Plaintiff relying on those documents. Many of the documents and allegations of "fraud" or "malpractice" post-date Plaintiff's ongoing parallel lawsuit against Defendants in *Brigham v. Jaffe et al.* The fact that Plaintiff had already sued Defendants at the time of many of his allegations of malpractice severely undercuts his argument that Defendants intended to have Plaintiff at that point, as an adversary in a legal proceeding, to rely on certain filings with the Loft Board and Department of Buildings to such an extent that their adversarial relationship was transformed into the "functional equivalent of privity."

Therefore, as Plaintiff has not alleged and cannot show privity with Defendants, who were retained by the non-party building owner, Plaintiff's causes of action sounding in architectural malpractice are dismissed (*see also Sutton Apartments Corp. v Bradhurt 100 Development LLC*, 107 AD3d 646, 648-49 [1st Dept 2013] citing *Bri-Den Const. Co., Inc. v Kapell & Kostow Architects, P.C.*, 56 AD3d 355 [1st Dept 2008]). Plaintiff's fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth causes of action alleging architectural malpractice are therefore dismissed.

156213/2024 BRIGHAM, THOMAS C. vs. ARNOLD, SARA ET AL
Motion No. 003

Page 4 of 6

## C. Fraud

Plaintiff's causes of action which allege fraud are dismissed. Plaintiffs' fraud claims are intertwined with his malpractice claims, which were dismissed based on Plaintiff's inability to allege privity. For the sake of thoroughness, the Court will also assess the viability of the fraud claims as though they were their own stand alone causes of action. The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff, and damages (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 558-59 [2009]). Moreover, claims sounding in fraud have a heightened pleading standard under CPLR 3016(b). Plaintiff's fraud claims fail to show that any misrepresentations made by Defendants were done knowingly with an intent to defraud Plaintiff, requiring dismissal. These elements, if pled at all, are done so in conclusory and rote fashion which is insufficient (*Cimen v HQ Capital Real Estate L.P.*, 227 AD3d 587, 588 [1st Dept 2024]).

Plaintiff also fails to allege justifiable reliance, as most of the allegations of fraud post-date Plaintiff's lawsuit against Defendants alleged misrepresentations related to their architectural work in his Apartment. As Plaintiff was already suing Defendants for alleged misrepresentations, he cannot now claim to justifiably rely on further misrepresentations made after he was already suing the Defendants. Once a plaintiff alleging fraud has a hint of an alleged misrepresentation's falsity, the plaintiff has a heightened degree of diligence, and it cannot reasonably rely on those representations without making additional inquiry (*Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V.*, 17 NY3d 269, 279 quoting *Global Minerals and Metals Corp. v Holme*, 35 AD3d 93, 98 [1st Dept 2006]). Plaintiff, who already alleged in an earlier lawsuit that Defendants had made material misrepresentations, cannot claim to have justifiably relied on further

156213/2024  BRIGHAM, THOMAS C. vs. ARNOLD, SARA ET AL
Motion No. 003

Page 5 of 6

[* 5]

misrepresentations from the same Defendants it was already suing. Therefore, the fraud claims are dismissed.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss is granted and Plaintiff's Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/12/2025 | | *M.., V R,,,,0 JSC* |
|-----------|---|-----------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE:  [x] CASE DISPOSED  [ ] NON-FINAL DISPOSITION

[x] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

156213/2024   BRIGHAM, THOMAS C. vs. ARNOLD, SARA ET AL
Motion No. 003

Page 6 of 6

6 of 6

[* 6]